UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re                                                          Chapter 13
**LISA M. PELOSI,**                                            Case No. 07-16820-JNF
    Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

I. INTRODUCTION

The matter before the Court is the "Debtor's Motion for Determination of Secured Status under 11 U.S.C. § 506" (the "Motion"). Pursuant to the Motion, Lisa M. Pelosi (the "Debtor"), seeks a discharge of a second mortgage on her primary residence - - a single family dwelling located at 44 Diane Road, Peabody, Massachusetts, which the Debtor and her non-debtor spouse own as tenants by the entirety (the "Property"). In her Motion, to which she attached an appraisal dated November 27, 2007, the Debtor represents that the Property has a value of no more than $370,000. The Debtor further represents that there are two mortgages encumbering the Property: a first mortgage held by Wells Fargo Home Mortgage ("Wells Fargo") in the amount of approximately $375,201.20, and a second mortgage held by American Home Mortgage Servicing ("American Home") with a balance of approximately $94,843.14. The Debtor states in her Motion that she has filed a Chapter 13 plan which reflects the value of the Property, the amount of the secured claim held by Wells Fargo, and "the treatment of the second mortgage as a totally unsecured claim." The

issue presented is whether under 11 U.S.C. § 1322(b)(2) and the Supreme Court's decision in <u>Nobelman v. American Savings Bank</u>, 508 U.S. 324 (1993), the Debtor may modify the rights of American Home who holds a lien against the Property but has an "unsecured claim" under 11 U.S.C. § 506(a) because there is no value to its interest in the Property.

II. FACTS

The Debtor filed a voluntary Chapter 7 petition on October 25, 2007. On November 3, 2007, the Bankruptcy Noticing Center served American Home with a copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" at the address provided by the Debtor, namely P.O. Box 631730, Irving, Texas, 75063. On November 27, 2007, the Chapter 7 Trustee conducted the section 341(a) meeting of creditors, and filed, three days later, a Report of No Distribution.

On December 6, 2007, the United States Trustee filed a statement indicating that she was currently unable to determine whether the Debtor's case would be presumed to be an abuse under 11 U.S.C. § 707(b). In response, on December 7, 2007, the Debtor converted her Chapter 7 case to a case under Chapter 13. On December 10, 2007, she filed amended Schedules, a Chapter 13 Plan, and the Motion that is now before the Court. In her amended Schedules A and D, the Debtor reduced the value of the Property by $110,000,[1] thereby eliminating equity that would make American Home's mortgage a secured claim. In her

---

[1] In her original Schedule A, filed on November 13, 2007, the Debtor valued the Property at $480,000. Following conversion, she filed an amended Schedule A on December 10, 2007 in which she valued the property at $370,000. She supported the reduced value with an appraisal dated November 27, 2007.

2

proposed Chapter 13 plan, the Debtor listed American Home as the holder of an unsecured claim in the sum of $94,843.14 as a result of "cram down of unsecured claim of second mortgagee on Debtor's principal residence. . . ." The Debtor served both the Motion and her Chapter 13 plan on American Home.[2]

On December 17, 2008, the Court scheduled the Motion for a nonevidentiary hearing to be conducted on February 7, 2008 and established a deadline of January 24, 2008 for the filing of any objections or responses. The next day, the Debtor served a copy of a "Notice of Nonevidentiary and Response Deadline" (the "Notice") on American Home. On January 17, 2008, the Debtor filed a Supplemental Certificate of Service indicating that she had served by first class mail, postage prepaid, the Motion and Notice on "Mortgage Electronic Registration Systems, Inc. (Registry of Deeds Address)."

American Home neither filed an objection by the January 24, 2008 deadline nor appeared at the February 7, 2008 hearing. Moreover, it has not filed a proof of claim, although the deadline to do so in the Debtor's Chapter 13 case will not expire until April 7, 2008.

## III. DISCUSSION

American Home did not respond to the Debtor's Motion[3] despite adequate and

---

[2] The Debtor filed a First Amended Chapter 13 Plan on January 17, 2008. She did not alter the treatment of American Home's mortgage in her amended plan.

[3] The Debtor's Motion is a proper pleading. *See* In re Yekel, No. 305-47107-tmb13, 2006 WL 2662849, *3 (Bankr. D. Or. Sept. 14, 2006), noting that the majority of courts that have addressed the issue of whether an adversary proceeding is required when a debtor seeks to avoid a wholly unsecured lien has concluded that avoidance can

3

proper notice of the filing of bankruptcy petition, the conversion of the Debtor's Chapter 7 case to Chapter 13, the meetings of creditors scheduled in both the Chapter 7 and Chapter 13 cases, the Motion, and February 7th hearing date and the January 24th response deadline. Thus, the facts set forth by the Debtor in her Motion are uncontested, and the matter is ripe for decision.

The United States Bankruptcy Appellate Panel for the First Circuit addressed the identical issue to the one now before this Court in Domestic Bank v. Mann (In re Mann), 249 B.R. 831 (B.A.P. 1st Cir. 2000). In that case, Judge Boroff and the Bankruptcy Appellate Panel for the First Circuit ably set forth the legal issue, analyzed the applicable sections of the Bankruptcy Code, and discussed relevant cases. This Court need not repeat his discussion and refers the reader to the decision in Mann and the cases cited on both sides of the issue by Judge Boroff. *See* 249 B.R. at 836 n.8 and n.9. Judge Boroff, after noting the split among courts addressing the issue, sided with the majority, *see, inter alia*, Bartee v. Tara Colony Homeowners Ass'n (In re Bartee), 212 F.3d 277 (5th Cir. 2000); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); and Lam v. Investors Thrift (In re Lam), 211 B.R. 36 (B.A.P. 9th Cir. 1997). Speaking for the Panel, he stated:

> We agree with the Third and Fifth Circuit Courts of Appeals, the Ninth Circuit Bankruptcy Appellate Panel, and the several bankruptcy and districts [sic] courts making up the majority view. Pursuant to § 506(a) and § 1322(b)(2), and notwithstanding the antimodification provision in the latter, Chapter 13 plans may void residential real property liens that are wholly unsecured. We believe that a literal reading of § 1322(b)(2) and § 506(a) mandates this result and that our view is congruent with the Nobelman

---

be accomplished through a Chapter 13 plan or by motion.

4

> decision which relegated the role of the antimodification provision of § 1322(b)(2) to claims first made subject to § 506(a) treatment. We decline to read Nobelman as mandating better rights for unsecured creditors holding a document purporting to be a residential real property mortgage than for unsecured creditors without. We find unwarranted the argument that the burden of asset appraisal or the risk of bankruptcy abuse are beyond a court's ability to carry out its responsibilities. Neither concern justifies elevating one group of unsecured creditors over another or denying to debtors a remedy intended by Congress for Chapter 13 debtors. . . .
>
> Any interpretation of the Bankruptcy Code which relies on a suspension of reality deserves to be subjected to a significant level of skepticism. Here, the bankruptcy judge was unable to find any collateral value for the Bank's mortgage lien. Accordingly, he ruled that the Bank enjoyed only the rights of a holder of an unsecured claim. Our reading of the Bankruptcy Code supports the bankruptcy judge's ruling. And we do not believe that Congress intended otherwise.

Mann, 249 B.R. at 840.

Since the decision in Mann, the Second, Sixth, Ninth and Eleventh Circuits have joined the Third and Fifth Circuits and the Ninth Circuit Bankruptcy Appellate Panel in adopting the majority position. *See* Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220 (9th Cir. 2002); Lane v. Western Interstate Bancorp (In re Lane), 280 F.3d 663 (6th Cir. 2002); Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357 (11th Cir. 2000). *But see* Am. Gen. Fin., Inc. v. Dickerson (In re Dickerson), 222 F.3d 924, 926 (11th Cir. 2000) (following Tanner because the panel was bound by it but stating: "[W]ere we to decide this issue on a clean slate, we would not so hold."). Moreover, the United States Court of Appeals for the First Circuit, in dicta, cited Mann with approval in Eastern Savings Bank v. LaFata (In re LaFata), 483 F.3d 13 (1st Cir. 2007), a case in which the issue was "whether the Bankruptcy Code's

5

protection of mortgage lenders against modification of claims secured by a principal residence applies when the residence in fact lies mostly on a lot abutting the mortgaged property." Id. at 15. The case arose out of a "bizarre set of facts," namely that the debtor and his current spouse "mistakenly built a house on the property line between two lots owned by the debtor's ex-wife, a fact which was not discovered until after a mortgage on the lot believed to include the house had already been granted." Id. In discussing section 1322(b)(2) and Nobelman, the First Circuit stated:

> We and other courts have interpreted § 1322(b)(2) narrowly, even after the Nobelman decision. See, e.g., Scarborough v. Chase Manhattan Mortgage Corp. ( In re Scarborough ), 461 F.3d 406, 411 (3d Cir. 2006) (§ 1322(b)(2) does not bar modification where claim secured by multifamily dwelling, and noting policy of reading § 1322(b)(2) "literally and narrowly"); Zimmer v. PSB Lending Corp. ( In re Zimmer ), 313 F.3d 1220, 1226-27 (9th Cir. 2002) (§ 1322(b)(2) does not bar modification where claim is wholly unsecured because of prior lien on primary residence); In re Mann, 249 B.R. 831, 835-37 (B.A.P. 1st Cir. 2000) (same, and collecting cases); Lomas, 82 F.3d at 4. The policy of encouraging mortgage lending does not require § 1322(b)(2) to be interpreted expansively.

483 F.3d at 20. In view of the First Circuit's dicta, this Court predicts that it would adopt the majority view and permit the avoidance of a wholly unsecured lien such as the one held by American Home.

## IV. CONCLUSION

In view of the foregoing and in the absence of objection, the Court grants the Debtor's Motion.

By the Court,

*Joan N. Feeney*

_____
Joan N. Feeney
United States Bankruptcy Judge

Dated: February 21, 2008
cc: Laurel E. Bretta, Esq., Carolyn Bankowski, Esq., American Home Mortgage Servicing